# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES <br><br> v. <br><br> JETHRO LUJARES, <br><br> Defendant. | C.R. No. 14-10026-FDS-1 |

## ORDER

**SAYLOR, D.J.**

Now before the Court is defendant Jethro Lujares' one-page letter seeking copies of his sentencing transcript, judgment (#81) and docket sheet. With his letter, he filed an application to proceed without prepayment of fees and a prison account statement.

The Court's records indicate that Lujares pleaded guilty to one count of distribution of cocaine in violation of 21 U.S.C. § 841(a)(1). On January 30, 2015, he was sentenced to 30 months incarceration.

The court will interpret the letter as a motion for a free copy of his transcript. Section 753(f) of Title 28, United States Code addresses the circumstances under which transcripts may be provided to an indigent criminal defendant at the government's expense.[1]

---

[1] Section 753(f) provides that:
Fees for transcripts furnished in criminal proceedings to persons proceeding under the Criminal Justice Act (18 U.S.C. § 3006A), or in habeas corpus proceedings to persons allowed to sue, defend, or appeal in forma pauperis, shall be paid by the United States out of moneys appropriated for those purposes. Fees for transcripts furnished in proceedings brought under § 2255 of this title to persons permitted to sue or appeal in forma pauperis shall be paid by the United States out of money appropriated for that purpose if the trial judge or a circuit judge certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal[.]

Here, Lujares has not made an adequate showing of a particularized need for the transcripts. Because the letter does not state a reason for the transcript request, he does not satisfy the requirements of 28 U.S.C. § 753(f). "A Court's decision [regarding free transcripts] turns on whether 'the transcript is needed for the court to "decide" a § 2255 motion - not for the petitioner to prepare it.'" Patrick v. United States, 298 F. Supp. 2d 206, 209 (D. Mass. 2004) (citing United States v. Horvath, 157 F. 3d 131, 132 (2d Cir. 1998).

Other than the letter seeking the transcript, Lujares has no pending matter before the Court. This Court is unable to certify that Lujares is pursuing a matter which is not frivolous or that the transcripts are needed to decide the issue or issues presented by such a matter. Therefore, the Court is without authority to order the Clerk of the Court to provide copies of the requested transcript. The Court will direct the Clerk to provide Lujares with copies of the docket sheet and the judgment (#81).

ACCORDINGLY, Lujares' letter is treated as a motion for transcripts and it is ORDERED that such motion is DENIED without prejudice. The Clerk shall send a copy of this Order to Lujares with copies of the docket sheet and the judgment (#81).

So Ordered.

/s/ F. Dennis Saylor IV

F. Dennis Saylor IV
United States District Judge

Dated: April 14, 2015

---

28 U.S.C. § 753(f).